# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| REGINALD OAKLEY, INMATE NO. 818030,     Plaintiff, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:08-CV-1521-RWS |
| CITY OF ATLANTA POLICE DEPARTMENT,     Defendant. | : : : : | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights action. The matter is now before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived

AO 72A
(Rev.8/82)

him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law."  Id.  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A.  See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.   Discussion

According to Plaintiff, on February 7, 2008, unnamed City of Atlanta police officers "falsely charged and threatened" to charge him "with drug charges."

2

(Doc. 1 at ¶ IV). Plaintiff states that these officers made these threats because he "refused to talk to the detective without . . . [an] attorney present." (Id.). Plaintiff seeks to have these police officers disciplined and to be awarded money damages. (Id. at ¶ V).

As an initial matter, Plaintiff has named the Atlanta Police Department as the sole Defendant in this action. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Therefore, this action cannot be maintained against the Atlanta Police Department, and it may be dismissed on this basis.

Additionally, the Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus before he can recover money damages in a civil rights action related to his state criminal case. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997) (applying Heck to suits "premised as here on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.

AO 72A
(Rev.8/82)

1996) ("There is no question that Heck bars [plaintiff's] claim that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). Plaintiff, whose state criminal case is still pending, has not alleged facts which would support a finding that any criminal tribunal has ruled that the unspecified charges against him should be dismissed. Accordingly, even if Plaintiff had named a defendant amenable to suit, he is not entitled to recover damages for his claim of false arrest. A civil rights action barred by Heck, should be dismissed "with prejudice." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). However, if Plaintiff "eventually satisfies the precondition to a valid claim under Heck," he is permitted to raise his claim in a new civil rights action. Id. at 165 n.3.

III.  Conclusion

**IT IS ORDERED** that the instant civil rights action is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this   22nd   day of May, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4